Dennis J. Artese (DA-1427)
dartese@andersonkill.com
Rene F. Hertzog (RH-9227)
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733
dartese@andersonkill.com
rhertzog@andersonkill.com

Attorneys for Plaintiff
Board of Managers of West Perry Condominium

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BOARD OF MANAGERS OF WEST PERRY CONDOMINIUM,<br><br>       Plaintiff,<br><br>- against -<br><br>ADMIRAL INDEMNITY COMPANY,<br><br>       Defendant. | Civ. Action No. 14cv 3471 (SHS)<br><br>**COMPLAINT** |

Plaintiff Board of Managers of West Perry Condominium ("West Perry" or "Plaintiff"), by and through its attorneys, complains of defendant and respectfully states as follows:

### Introduction

1. This is an action for declaratory judgment and breach of contract arising out of the failure and refusal of defendant Admiral Indemnity Company ("Admiral" or "Defendant") to honor its obligations under the commercial property coverage part of a commercial lines package policy (the "Admiral Policy") to pay Plaintiff for covered property damage as a result of flooding from Superstorm Sandy, which occurred on or about October 30, 2012.

nydocs1-1030955.2

### The Parties

2.  The Residential Board of Managers brings this action in the name of the Board of Managers of the West Perry Condominium, formed pursuant to the laws of the State of New York and the Declaration of West Perry Condominium duly recorded in the Office of the Register of the City of New York, County of New York. The Residential Board of Managers is empowered to bring this action in the name of the Board of Managers under said declaration and applicable provisions of the New York Real Property Law.

3.  Upon information and belief, defendant Admiral Indemnity Company is a Delaware corporation, with its principal place of business located at 3 University Plaza, Hackensack, New Jersey 07601 and is licensed to and does conduct business in the State of New York.

### Jurisdiction and Venue

4.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1), because the parties are citizens of different states, and the amount in question exceeds $75,000, exclusive of interest and costs.

5.  Venue of this action is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a)(2), because the property that is the subject of the action is situated in that judicial district. Venue of this action also is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to this action occurred in that judicial district.

## Factual Background

### *The Admiral Policy*

6. Admiral sold West Perry the Admiral Policy – a Commercial Lines Package Policy, Policy No. 21-2-3420-31-12, with a policy period of December 2, 2011 through December 2, 2012, specifically endorsed to insure West Perry against risk of, among other things, flood, subject to certain conditions and exclusions in the Admiral Policy. (A copy of the Admiral Policy is attached hereto as Exhibit A and incorporated herein by reference.)

7. West Perry is the named insured under the Policy.

8. Admiral insured West Perry for two premises under the Admiral Policy: (1) 173 Perry Street, New York, NY 10014-2363 ("173 Perry") and (2) 176 Perry Street, New York, NY 10014-2384 ("176 Perry") (collectively, the "Buildings").

9. Pursuant to the Flood Coverage Endorsement of the Admiral Policy, the Admiral Policy provides for a $5,000,000 Blanket Limit of Flood coverage shared between 173 Perry and 176 Perry, subject to a $50,000 deductible. Admiral Policy, A.5(3)(b) (p. 9 of 37); Flood Coverage Schedule; Multiple Deductible Form.

10. Pursuant to the Flood Coverage Schedule of the Admiral Policy, Admiral waived any requirement that West Perry maintain coverage under the National Flood Insurance Program ("NFIP") for the Buildings.

### *The Superstorm Sandy Loss*

11. On October 22, 2012, the National Weather Center issued a Tropical Storm Watch for storm Sandy, which was developing and moving through the Caribbean.

12. The storm moved northeastward, parallel to the coast of the southeastern United States, before turning northwestward toward the mid-Atlantic states.

13. On October 29, 2012, Sandy reached the New York area and made landfall as a post-tropical cyclone in Brigantine, New Jersey with 70-knot maximum sustained winds.

14. Sandy caused water levels to rise along the entire east coast of the United States from Florida northward to Maine. The highest storm surges and greatest inundation on land occurred in the states of New Jersey, New York, and Connecticut, especially in and around the New York City Metropolitan area.

15. Sandy's storm surge, in addition to large and battering waves, devastated large portions of the coast of New York and set record storm tides in the New York City area.

16. Sandy's substantial tidal overflow or flooding caused significant damage to 173 Perry, including but not limited to damage to 173 Perry's exterior, lobby level, basement level, mechanical equipment, plumbing, electrical and personal property.

17. Sandy's substantial tidal overflow or flooding also caused significant damage to 176 Perry, including but not limited to damage to 176 Perry's exterior, lobby level, basement level, mechanical equipment, plumbing, electrical and personal property.

18. 173 Perry also was insured for flood damage under a National Flood Insurance Program policy sold to West Perry by Harleysville Worcester Insurance

nydocs1-1030955.2

Company ("Harleysville"), Policy No. 87026188752012, with a policy period of May 16, 2012 through May 16, 2013 (the "NFIP Policy"). (A copy of the NFIP Policy is attached hereto as Exhibit B and incorporated herein by reference.)

19. There was no NFIP or other flood insurance coverage applicable to 176 Perry at the time of its Superstorm Sandy losses, other than that provided for in the Admiral Policy.

### *173 Perry's Insurance Claim*

20. West Perry promptly notified Admiral of the flood damage to 173 Perry caused by Superstorm Sandy and submitted a claim under the Admiral Policy for such losses and for all other benefits due to it under the Admiral Policy.

21. West Perry also promptly notified Harleysville of the flood damage to 173 Perry Street and submitted a claim under the NFIP policy for such losses and for all other benefits due to them under the NFIP Policy.

22. Coverage under the NFIP Policy for 173 Perry's flood damages is limited pursuant to the terms, conditions and exclusions contained in the NFIP Policy.

23. Harleysville agreed to pay only a portion of 173 Perry's flood losses under the NFIP Policy, contending that the remainder of 173 Perry's flood losses are not covered under the NFIP Policy.

24. West Perry submitted a claim under the Admiral Policy for the portion of its flood loss at 173 Perry that was not covered under the NFIP Policy (the "173 Perry Loss").

25. Relying on the "Other Insurance" clause of the Flood Coverage Endorsement, Admiral improperly failed and refused to provide coverage for the 173 Perry Loss, contending that the Admiral Policy is excess to the NFIP policy and does

5

not provide flood coverage for 173 Perry until the $3.25 million limit of the NFIP Policy is exhausted through the payment of covered losses.

  26. The Other Insurance clause provides, in relevant part, as follows:

> The Other Insurance Commercial Property Condition is replaced by the following with respect to the coverage provided under this endorsement:
>
> 1. <u>If the loss is also covered under a National Flood Insurance Program (NFIP) policy</u>, or if the property is eligible to be written under an NFIP policy but there is no such policy in effect, <u>then we will pay only for the amount of loss in excess of the maximum limit that can be insured under that policy</u>. This provision applies whether or not the maximum NFIP limit was obtained or maintained, and whether or not you can collect on the NFIP policy. We will not, under any circumstances, pay more than the applicable Limit of Insurance for Flood as stated in the Flood Coverage Schedule or the Declarations of this Coverage Part.
>
> However, <u>this Provision I.1. does not apply under the following circumstances</u>:
>
> b. An NFIP policy is not in effect because <u>we have agreed to write this Flood Coverage Endorsement without underlying NFIP coverage</u>. There is such an agreement only if the Flood Coverage Schedule or the Declarations indicate that the Underlying Insurance Waiver applies.

(Emphasis added).

  27. Admiral's denial of coverage for the 173 Perry Loss is improper because, by its plain terms, the Other Insurance clause applies only where "the loss is also covered" under the NFIP policy, and the 173 Perry Loss is not also covered under the NFIP Policy.

  28. Admiral's denial of coverage for the 173 Perry Loss also is improper because, pursuant to the Flood Coverage Schedule of the Admiral Policy,

...

...

Admiral waived any requirement that West Perry maintain NFIP coverage for the Buildings.

29. Similarly, the Multiple Deductible Form of the Admiral Policy states in large and bolded font: "__ **Check here if underlying maximum NFIP policy limit required.**" (Emphasis in original.) That provision is not "checked."

30. The 173 Perry Loss falls within the coverage of the Admiral Policy, which provides primary coverage for such loss and is payable immediately, regardless of the exhaustion of the NFIP Policy.

31. Admiral's unreasonable coverage denial for the 173 Perry Loss, therefore, is improper.

### *The 176 Perry Claim*

32. West Perry promptly notified Admiral of the flood damage to 176 Perry caused by Superstorm Sandy and submitted a claim under the Admiral Policy for such damages and for all other benefits due to them under the Admiral Policy (the "176 Perry Loss").

33. Admiral has conceded that the 176 Perry Loss is covered under the Admiral Policy, but has improperly undervalued that loss.

34. Therefore, Admiral has failed to pay the full value of the 176 Perry Loss that is due and owing under the Admiral Policy.

35. Admiral's unreasonable failure and refusal to pay the full value of the 176 Perry Loss is improper.

36. All premiums due and owing in connection with the Admiral Policy have been paid.

37. West Perry has complied with all applicable conditions of the Admiral Policy.

## Count I
### (Declaratory Judgment Regarding 173 Perry Loss)

38. Plaintiff repeats and realleges the allegations of paragraphs 1 through 37 as if fully set forth herein.

39. Relying on the "Other Insurance" clause of the Flood Coverage Endorsement, Defendant has failed and refused to provide coverage to Plaintiff for the 173 Perry Loss, contending that it has no obligation to cover the 173 Perry Loss until the $3.25 million limit of the NFIP Policy is exhausted through the payment of covered losses.

40. Plaintiff contends that Admiral has an immediate obligation to provide coverage for the 173 Perry Loss – which comprises flood-related losses that are not covered under the NFIP Policy – regardless of exhaustion of the NFIP Policy limits.

41. By reason of the foregoing, an actual and justiciable controversy exists between Plaintiff and Defendant regarding Defendant's present obligation to provide primary coverage to Plaintiff for the 173 Perry Loss, regardless of the exhaustion of the NFIP Policy limit.

42. Plaintiffs are entitled to a judicial declaration from this Court that, as respects 173 Perry's Superstorm Sandy-related flood losses covered under the Admiral Policy but not covered under the NFIP Policy, the Admiral Policy provides primary coverage to West Perry and Admiral has an immediate obligation to Plaintiff to provide coverage for such losses, regardless of the exhaustion of the NFIP Policy limit.

8

## Count II
### (Breach of Contract Regarding the 173 Perry Loss)

43. Plaintiff repeats and realleges paragraphs 1 through 42 as if fully set forth herein.

44. Defendant has breached its obligations under the Admiral Policy by failing and refusing to pay the full amount of the 173 Perry Loss, which loss is fully covered under the Admiral Policy.

45. By reason of Defendant's breaches, Plaintiff has been deprived of the benefits due and owing under the Admiral Policy.

46. Plaintiff, therefore, is entitled to an award of compensatory damages, consequential damages, pre- and post-judgment interest, attorneys' fees and costs in an amount to be proven at trial.

## Count III
### (Breach of Contract Regarding the 176 Perry Loss)

47. Plaintiff repeats and realleges paragraphs 1 through 46 as if fully set forth herein.

48. Defendant has breached its obligations under the Admiral Policy by failing and refusing to pay the full amount of the 176 Perry Loss, which loss is fully covered under the Admiral Policy.

49. By reason of Defendant's breaches, Plaintiff has been deprived of the benefits due and owing under the Admiral Policy.

50. Plaintiff, therefore, is entitled to an award of compensatory damages, consequential damages, pre- and post-judgment interest, attorneys' fees and costs in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, PLAINTIFF REQUESTS the following relief:

A. Enter declaratory judgment on Count I in favor of Plaintiff and against Defendant, including a declaration that, as respects 173 Perry's Superstorm Sandy-related flood losses covered under the Admiral Policy but not covered under the NFIP Policy, the Admiral Policy provides primary coverage to West Perry and Admiral has an immediate obligation to Plaintiff to provide coverage for such losses, regardless of the exhaustion of the NFIP Policy limit;

B. Enter judgment on Count II in favor of Plaintiff and against Defendant in an amount to be determined by the Court, including compensatory damages, consequential damages, pre- and post-judgment interest, attorneys' fees, costs, and other relief as this Court may deem appropriate; and

C. Enter judgment on Count III in favor of Plaintiff and against Defendant in an amount to be determined by the Court, including compensatory damages, consequential damages, pre- and post-judgment interest, attorneys' fees, costs, and other relief as this Court may deem appropriate.

## Jury Demand

Plaintiff demands a trial by jury on all counts so triable.

Dated:   May 13, 2014

WEST PERRY CONDOMINIUM

By its attorneys:

Dennis J. Artése, Esq. (DA-1427)
Rene F. Hertzog, Esq. (RH-9227)

ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000