UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————X

BOARD OF MANAGERS OF WEST PERRY
CONDOMINIUM                                              Civil Action No.
                              Plaintiff,                 14 CV 3471 (SHS)

          -against-                                      **ANSWER AND**
                                                         **AFFIRMATIVE**
ADMIRAL INDEMNITY COMPANY                                **DEFENSES**
                              Defendant.

———————————————————————————X

Defendant, ADMIRAL INDEMNITY COMPANY (hereinafter, "Defendant" or

"Admiral"), by and through its attorneys, White, Fleischner & Fino, LLP, as and for its answer

to the Plaintiff BOARD OF MANAGERS OF WEST PERRY CONDOMINIUM's

(hereinafter, "Plaintiff" or "West Perry") Complaint, respectfully alleges based upon

information and belief:

West Perry's Complaint contains various headings which are understood to be for

convenience only and not to constitute substantive allegations.  To the extent a response is

required to such headings, Admiral denies any and all portions of them inconsistent with the

responses provided below.

## ANSWER AS TO "INTRODUCTION"

1.       Denies each and every allegation set forth in paragraph "1" of the Complaint

except admits that West Perry has brought this action for declaratory judgment and breach of

contract against Admiral under the commercial property coverage part of a commercial lines

package policy issued by Admiral (hereinafter, the "Admiral Policy"), in connection with a

claim of property damage as a result of flooding from the storm known as "Superstorm

Sandy," which occurred on or about October 29, 2012, and October 30, 2012.

**ANSWER AS TO "THE PARTIES"**

2.      Denies knowledge and information sufficient to form a belief as to those allegations set forth in paragraph "2" of the Complaint.

3.      Denies the allegations set forth in paragraph "3" of the Complaint, except admits that Defendant is a Delaware corporation that is licensed to and conducts the business of insurance in the State of New York, and has an office located at 3 University Plaza, Hackensack, New Jersey 07601.

**ANSWER AS TO "JURISDICTION AND VENUE"**

4.      The statements set forth in paragraph "4" of the Complaint are matters of law to which no denial or admission is warranted, and to which Defendant leaves to the determination of this Court.

5.      The statements set forth in paragraph "5" of the Complaint are matters of law to which no denial or admission is warranted, and to which Defendant leaves to the determination of this Court.

**ANSWER AS TO "FACTUAL BACKGROUND"**

6.      Denies the allegations set forth in paragraph "6" of the Complaint except admits that it issued a commercial lines package policy of insurance denoted as Policy No. 21-2-3420-31-12 to named insured West Perry Condominium c/o Brown Harris Stevens Residential Mgmt. (hereinafter, the "Insured"), with a policy period of December 2, 2011 through December 2, 2012.  Admiral further admits that the Admiral Policy insures against risk of flood, among other things, but is subject to certain terms, conditions, limitations, endorsements, and exclusions, which speak for themselves.  Admiral further admits that a copy of the Admiral Policy is attached as Exhibit A to Plaintiff's Complaint, and incorporates by reference the full

2

terms, conditions, limitations, endorsements, and exclusions of the Admiral Policy. Responding further, Admiral admits that, notwithstanding the flood coverage afforded under the Admiral Policy, the terms of the Admiral Policy make it excess over the flood coverage provided by the National Flood Insurance Program ("NFIP") policy issued by Harleysville Worcester Insurance Company (hereinafter, "Harleysville") to "West Perry Condo" for the property located at 173 Perry Street (hereinafter, "173 Perry"), policy number 87026188752012, for the period from May 16, 2012, to May 16, 2013 (hereinafter, "NFIP Policy"), and would not be triggered until the limits of the NFIP Policy have been exhausted. Responding further, Admiral admits that the NFIP Policy has limits in the amount of $3,250,000.00.

7.      Denies the allegations set forth in paragraph "7" of the Complaint insofar as the Complaint utilizes the definitional term "West Perry" to signify the Plaintiff BOARD OF MANAGERS OF WEST PERRY CONDOMINIUM rather than the Insured.  Responding further, Admiral admits that the named Insured under the Admiral Policy is "West Perry Condominium c/o Brown Harris Stevens Residential Mgmt." and incorporates by reference the full terms, conditions, limitations, endorsements, and exclusions of the Admiral Policy, which speak for themselves.

8.      Admits that the Admiral Policy insures the two premises set forth in paragraph "8" of the Complaint, but is subject to certain terms, conditions, limitations, endorsements, and exclusions, which speak for themselves and are incorporated by reference.

9.      Denies that the allegations set forth in paragraph "9" of the Complaint accurately convey the terms of the Admiral Policy insofar as they purport to describe the contents of a "Flood Coverage Endorsement" by reference to multiple other named policy

3

provisions.  Interpretation of the Admiral Policy is a matter of law for the determination of this Court, and Admiral respectfully refers the Court to the Admiral Policy referenced for its full terms, conditions, limitations, endorsements, and exclusions, which speak for themselves.

10.     Denies each and every allegation set forth in paragraph "10" of the Complaint. Interpretation of the Admiral Policy is a matter of law for the determination of this Court, and Admiral respectfully refers the Court to the Admiral Policy referenced for its full terms, conditions, limitations, endorsements, and exclusions, which speak for themselves.  Admiral further admits that the property located at 173 Perry Street is eligible for flood insurance pursuant to the provisions of the Coastal Barrier Resources Act, 16 U.S.C. 3501 et seq. and the Coastal Barrier Improvement Act of 1990, Pub. L. 101-591, 16 U.S.C. 3501 et seq., and Admiral required that the Insured procure a separate NFIP policy.  Responding further, Admiral admits that Harleysville issued policy number 87026188752012 to "West Perry Condo" for the period from May 16, 2012, to May 16, 2013, with limits in the amount of $3,250,000.00.  Responding further, Admiral admits that the Admiral Policy is excess over the NFIP Policy with respect to flood coverage, and would not be triggered until the limits of the NFIP Policy have been exhausted.  Admiral further admits that the property located at 176 Perry Street (hereinafter, "176 Perry") is not eligible for flood insurance pursuant to the provisions of the Coastal Barrier Resources Act, 16 U.S.C. 3501 et seq. and the Coastal Barrier Improvement Act of 1990, Pub. L. 101-591, 16 U.S.C. 3501 et seq., and the Insured was not required to procure an NFIP policy for that building.

11.     Denies knowledge and information sufficient to form a belief as to those allegations set forth in paragraph "11" of the Complaint.

12.     Denies knowledge and information sufficient to form a belief as to those

4

allegations set forth in paragraph "12" of the Complaint.

13.     Admits that on or about October 29, 2012, the storm known as "Sandy" made landfall in the New York area, but denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "13" of the Complaint.

14.     Admits that the storm known as "Sandy" caused water levels to rise along portions of the east coast of the United States, but denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "14" of the Complaint.

15.     Admits that the storm known as "Sandy" caused damage to portions of the coast of New York, but denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "15" of the Complaint.

16.     Admits that 173 Perry suffered damage from floodwaters and overflow during the storm known as "Sandy", but denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "16" of the Complaint.

17.     Admits that 173 Perry suffered damage from floodwaters and overflow during the storm known as "Sandy", but denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "17" of the Complaint.

18.     Admits that 173 Perry was insured for flood damage under the referenced NFIP Policy issued by Harleysville, and incorporates the full terms, conditions, limitations, endorsements, and exclusions of the NFIP Policy, which speak for themselves, but denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph "18," particularly as to whether a complete and accurate copy of the NFIP Policy is attached as Exhibit B to the Complaint.  Responding further, Admiral

5

admits that the terms of the Admiral Policy make it excess over the NFIP Policy with respect to flood coverage, and would not be triggered until the limits of the NFIP Policy have been exhausted.  Responding further, Admiral admits that the NFIP Policy has limits in the amount of $3,250,000.00.

19.     Admits the allegations set forth in paragraph "19" of the Complaint, but incorporates by reference the full terms, conditions, limitations, endorsements, and exclusions of the Admiral Policy, which speak for themselves.

20.     Admits that the Insured notified Admiral of the flood damage to 173 Perry caused by the storm known as "Superstorm Sandy" and submitted a claim for flood loss under the Admiral Policy, but denies the remaining allegations set forth in paragraph "20" of the Complaint as they contain the self-serving characterization that the Insured has sustained multiple "losses" at 173 Perry when, in fact, the Insured sustained one "loss," which is admitted by Plaintiff in various other paragraphs of the Complaint, including but not limited to paragraphs "24," 25," "27, "28," "30,", "31", and "32" *et seq.*, and insofar as the Complaint utilizes the definitional term "West Perry" to signify the Plaintiff BOARD OF MANAGERS OF WEST PERRY CONDOMINIUM rather than the Insured.

21.     Admits that the Insured submitted a claim for flood loss to 173 Perry to Harleysville under the NFIP, but denies the remaining allegations set forth in paragraph "21" of the Complaint as they contain the self-serving characterization that the Insured has sustained multiple "losses" at 173 Perry when, in fact, the Insured sustained one "loss," which is admitted by Plaintiff in various other paragraphs of the Complaint, including but not limited to paragraphs "24," 25," "27, "28," "30,", "31", and "32" *et seq.*, and insofar as the Complaint utilizes the definitional term "West Perry" to signify the Plaintiff BOARD OF MANAGERS

OF WEST PERRY CONDOMINIUM rather than the Insured.

22.    Denies each and every allegation set forth in paragraph "22" of the Complaint. Interpretation of the NFIP Policy is a matter of law for the determination of this Court, and Admiral respectfully refers the Court to the NFIP Policy referenced for its full terms, conditions, limitations, endorsements, and exclusions, which speak for themselves. Responding further, Admiral admits that the terms of the Admiral Policy make it excess over the NFIP Policy with respect to flood coverage, and would not be triggered until the limits of the NFIP Policy have been exhausted.   Responding further, Admiral admits that the NFIP Policy has limits in the amount of $3,250,000.00.

23.    Admits that Admiral was notified by the Insured's public adjuster that Harleysville agreed to pay only a portion of 173 Perry's flood loss under the NFIP Policy, and that the public adjuster contended that the remainder of the 173 Perry flood loss was not covered under the NFIP Policy, but denies the remaining allegations set forth in paragraph "23" of the Complaint as they contain the self-serving characterization that the Insured has sustained multiple "losses" at 173 Perry when, in fact, the Insured sustained one "loss," which is admitted by Plaintiff in various other paragraphs of the Complaint, including but not limited to paragraphs "24," 25," "27, "28," "30,", "31", and "32" *et seq.* Responding further, Admiral admits that no explanation was ever provided by the Insured's public adjuster as to why items were not covered under the NFIP Policy.

24.    Admits that the Insured submitted a claim under the Admiral Policy for flood loss at 173 Perry, and that the Insured contends that a portion of such loss was not covered under the NFIP Policy, but Admiral respectfully leaves all such legal conclusions to the determination of this Court.   Responding further to the allegations set forth in paragraph "24"

of the Complaint, Admiral admits that no explanation was ever provided by the Insured's public adjuster as to why items were not covered under the NFIP Policy.

25.     Admits that Admiral denied coverage for the 173 Perry loss for reasons expressed in letters to the Insured's representatives dated June 26, 2013, and March 13, 2014, but denies that Admiral's coverage position is accurately summarized by Plaintiff, and, responding further, incorporates by reference the contents of these letters, true and accurate copies of which are attached hereto as **Exhibit "A"** and **Exhibit "B,"** respectively. Responding further, Admiral admits that such letters contend, among other things, that the Admiral Policy is excess to the NFIP Policy with respect to flood coverage, and does not provide flood coverage for 173 Perry until the $3,250,000.00 limit of the NFIP Policy is exhausted, but denies the remaining allegations set forth in paragraph "25" of the Complaint.

26.     Denies that Plaintiff's selective quotation and emphases set forth in paragraph "26" of the Complaint accurately convey the terms of the Admiral Policy, denies that what Plaintiff purports to quote is quoted accurately insofar as it completely omits paragraph I.1(a) of the provision without ellipses, and, responding further, incorporates by reference the full terms, conditions, limitations, endorsements, and exclusions of the Admiral Policy, which speak for themselves.

27.     Denies each and every allegation set forth in paragraph "27" of the Complaint. Interpretation of the Admiral Policy is a matter of law for the determination of this Court, and Admiral respectfully refers the Court to the Admiral Policy referenced for its full terms, conditions, limitations, endorsements, and exclusions, which speak for themselves.

28.     Denies each and every allegation set forth in paragraph "28" of the Complaint. Interpretation of the Admiral Policy is a matter of law for the determination of this Court, and

8

Admiral respectfully refers the Court to the Admiral Policy referenced for its full terms, conditions, limitations, endorsements, and exclusions, which speak for themselves. Responding further, Admiral admits that the property located at 173 Perry Street is eligible for flood insurance pursuant to the provisions of the Coastal Barrier Resources Act, 16 U.S.C. 3501 et seq. and the Coastal Barrier Improvement Act of 1990, Pub. L. 101-591, 16 U.S.C. 3501 et seq., and Admiral required that the Insured procure a separate NFIP policy. Responding further, Admiral admits that the property located at 176 Perry Street is not eligible for flood insurance pursuant to the provisions of the Coastal Barrier Resources Act, 16 U.S.C. 3501 et seq. and the Coastal Barrier Improvement Act of 1990, Pub. L. 101-591, 16 U.S.C. 3501 et seq., and the Insured was not required to procure an NFIP policy for that building.

29.     Admits that the quoted language appears in the Multiple Deductible Form of the Admiral Policy and that the provision does not contain a "check," but denies that Plaintiff's selective quotation set forth in paragraph "29" of the Complaint accurately conveys the terms of the Admiral Policy insofar as that space in the Policy is only relevant to coverage for 176 Perry, for which the Insured did not purchase NFIP insurance, and, responding further, incorporates by reference the full terms, conditions, limitations, endorsements, and exclusions of the Admiral Policy, which speak for themselves.  Responding further, Admiral admits that the Insured obtained the maximum NFIP Policy limit for 173 Perry and Admiral knew the Insured had purchased the NFIP Policy at the time of renewal of the Admiral Policy.

30.     Denies each and every allegation set forth in paragraph "30" of the Complaint. Interpretation of the Admiral Policy is a matter of law for the determination of this Court, and Admiral respectfully refers the Court to the Admiral Policy referenced for its full terms, conditions, limitations, endorsements, and exclusions, which speak for themselves.

Responding further, Admiral admits that the parties agreed that the NFIP Policy would be the primary flood policy for the 173 Perry property, and that Admiral would only cover amounts in excess of that primary policy's limit with respect to flood coverage, with the Admiral Policy being negotiated with terms that were agreed to and premium calculated on that basis.

31.   Denies each and every allegation set forth in paragraph "31" of the Complaint.

32.   Admits that the Insured notified Admiral of the flood damage to 176 Perry caused by the storm known as "Superstorm Sandy" and submitted a claim under the Admiral Policy for such loss, but denies the remaining allegations set forth in paragraph "32" of the Complaint insofar as the Complaint utilizes the definitional term "West Perry" to signify the Plaintiff BOARD OF MANAGERS OF WEST PERRY CONDOMINIUM rather than the Insured.

33.   Admits that the 176 Perry loss is covered under the Admiral Policy, but denies that Admiral has improperly undervalued such loss.  Responding further to the allegations set forth in paragraph "33" of the Complaint, Admiral admits that the Insured did not raise any objection to the adjustment of the 176 Perry loss by Admiral until at or around May 10, 2014, right before the Complaint in this action was filed.  Responding further, Admiral admits that, to the extent there is any coverage under the Admiral Policy, any coverage obligations are subject to the Annual Aggregate Limit contained in the Flood Coverage Schedule, CP DS 65 10 00, in the amount of $5,000,000.00, toward which Admiral has already paid $4,150,498.70 and, therefore, Plaintiff's claim is limited to the amount of $849,501.30.

34.   Denies each and every allegation set forth in paragraph "34" of the Complaint.

35.   Denies each and every allegation set forth in paragraph "35" of the Complaint.

36.   Admits the allegations set forth in paragraph "36" of the Complaint.

37.     The allegations in paragraph "37" of the Complaint set forth a legal conclusion to which no answer is required, which Admiral respectfully leaves to the determination of this Court. To the extent a response is required, Admiral denies such allegations.

## COUNT I – DECLARATORY JUDGMENT REGARDING 173 PERRY LOSS

38.     Admiral repeats and reiterates each and every denial heretofore made in this Answer to the paragraphs of the Complaint designated "1" through "37" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the Complaint designated "38."

39.     Admits that Admiral denied coverage for the 173 Perry loss for reasons expressed in letters to the Insured's representatives dated June 26, 2013, and March 13, 2014, but denies that Admiral's coverage position is accurately summarized by Plaintiff, and, responding further, incorporates by reference the contents of the letters, true and accurate copies of which are attached hereto as **Exhibit "A"** and **Exhibit "B,"** respectively. Responding further, Admiral admits that such letters contend, among other things, that the Admiral Policy is excess to the NFIP Policy with respect to flood coverage, and does not provide flood coverage for 173 Perry until the $3,250,000.00 limit of the NFIP Policy is exhausted, but denies the remaining allegations set forth in paragraph "39" of the Complaint.

40.     Admits that Plaintiff has made such contentions, but denies that Admiral has an immediate obligation to provide coverage for the 173 Perry loss regardless of exhaustion of the NFIP Policy limits, and denies the self-serving characterization set forth in paragraph "40" of the Complaint of the 173 Perry loss as comprising flood-related losses that are not covered under the NFIP Policy.  Responding further, Admiral respectfully leaves all such legal conclusions to the determination of this Court.  Responding further, Admiral admits that no

11

explanation was ever provided by the Insured's public adjuster as to why items were not covered under the NFIP Policy.

41.      Denies each and every allegation set forth in paragraph "41" of the Complaint.

42.      Denies each and every allegation set forth in the paragraph numbered "42," and states that the flood coverage in the Admiral Policy is excess of the NFIP Policy and would not be triggered until the limits of the NFIP Policy have been exhausted.

## COUNT II – BREACH OF CONTRACT REGARDING THE 173 PERRY LOSS

43.      Admiral repeats and reiterates each and every denial heretofore made in this Answer to the paragraphs of the Complaint designated "1" through "42" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the Complaint designated "43."

44.      Denies each and every allegation set forth in the paragraph numbered "44."

45.      Denies each and every allegation set forth in the paragraph numbered "45."

46.      Denies each and every allegation set forth in the paragraph numbered "46."

## COUNT III – BREACH OF CONTRACT REGARDING THE 176 PERRY LOSS

47.      Admiral repeats and reiterates each and every denial heretofore made in this Answer to the paragraphs of the Complaint designated "1" through "46" inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the Complaint designated "47."

48.      Denies each and every allegation set forth in the paragraph numbered "48."

49.      Denies each and every allegation set forth in the paragraph numbered "49."

50.      Denies each and every allegation set forth in the paragraph numbered "50."

## ANSWER AS TO "PRAYER FOR RELIEF"

As the "Prayer for Relief" clauses of the Complaint are not allegations of fact but a description of the relief sought, no response is required. To the extent a response is deemed necessary, Admiral denies the allegations in the "Prayer for Relief" clause.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1.      The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2.      Admiral's liability, if any, is derived solely from the Policy designated Policy No. 21-2-3420-31-12, issued by Admiral to West Perry Condominium c/o Brown Harris Stevens Residential Management for the period from December 2, 2011, to December 2, 2012, which is limited by its terms, conditions, limitations, endorsements, and exclusions, all of which are pled herein as if copied in full at this place in this Answer.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.      The Admiral Policy is subject to the Flood Coverage Endorsement, CP 10 65 10 00, which provides in pertinent part as follows:

**H. Deductible**
1. The Deductible for coverage provided under this endorsement is the Deductible applicable to Flood as shown in the Flood Coverage Schedule or in the Declarations.
2. We will not pay that part of the loss that is attributable to any Deductible(s) in the National Flood Insurance Program policy.
3. If Flood results in another Covered Cause of Loss and if both Covered Causes of Loss cause loss or damage, then only the higher deductible applies (e.g., the Flood deductible or the Fire deductible).

                                             ***

**I. Other Insurance**
The Other Insurance Commercial Property Condition is replaced by the following with respect to the coverage provided under this endorsement:

1. If the loss is also covered under a National Flood Insurance Program (NFIP) policy, or if the property is eligible to be written under an NFIP policy but there is no such policy in effect, then we will pay only for the amount of loss in excess of the maximum limit that can be insured under that policy. This provision applies whether or not the maximum NFIP limit was obtained or maintained, and whether or not you can collect on the NFIP policy. We will not, under any circumstances, pay more than

13

the applicable Limit of Insurance for Flood as stated in the Flood Coverage Schedule or the Declarations of this Coverage Part.

However, this Provision I.1. does not apply under the following circumstances:

\*\*\*

    b.    An NFIP policy is not in effect because we have agreed to write this Flood Coverage Endorsement without underlying NFIP coverage. There is such an agreement only if the Flood Coverage Schedule or the Declarations indicate that the Underlying Insurance Waiver applies.

(Emphases added).    Similarly, the Cooperative and Condominium Enhanced Coverage Endorsement Property, SP 183 07 08, provides in pertinent part as follows:

**A.5 ADDITIONAL COVERED CAUSE OF LOSS FLOOD**

\*\*\*

**(5) Deductible**

    **(a)**  The Deductible for coverage provided under this endorsement is the Deductible applicable to Flood as shown in the Multiple Deductible Form–Enhanced Coverage Endorsement.

    **(b)**  We will not pay that part of the loss that is attributable to any Deductible(s) in the National Flood Program policy.

    **(c)**  If Flood results in another Covered Cause of Loss, and if both Covered Causes of Loss cause loss or damage, then only the higher deductible applies (e.g., the Flood deductible or the Fire deductible).

**(6) Other Insurance**

The Other Insurance Commercial Property Condition is replaced by the following with respect to the coverage provided under this endorsement:

    **(a)**  <u>If the loss is also covered under a National Flood Insurance Program (NFIP) policy</u>, or if the property is eligible to be written under an NFIP policy but there is no such policy in effect, <u>then we will pay only for the amount of loss in excess of the maximum limit that can be insured under that policy</u>. This provision applies whether or not the maximum NFIP limit was obtained or maintained, and whether or not you can collect on the NFIP policy. We will not, under any circumstances, pay more than the applicable Limit of Insurance for Flood as stated in this form.

(Emphases added).

To the extent the Plaintiff's claims for damages do not comply with the terms, conditions, or requirements of the aforementioned provisions, inasmuch as these provisions make the Admiral Policy excess over the maximum NFIP limit that can be insured under the NFIP Policy -- whether or not the maximum limit is obtain or maintained and whether or not the

Insured can "collect" under the policy -- there is no coverage under the policy for the Plaintiff's claims and, therefore, the Complaint should be dismissed.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.     The claims asserted in the Complaint are barred in whole or in part by Other Insurance provisions contained in the Admiral Policy, including but not limited to provisions implicating the Insured's concurrent NFIP Policy of insurance issued by Harleysville, Policy No. 87026188752012, inasmuch as the Insured was required to provide an underlying NFIP Policy for 173 Perry, which policy has limits in the amounts of $3,250,000.00, and the Admiral Policy is excess over such NFIP Policy with respect to flood coverage and would not be triggered until the limits of the NFIP Policy have been exhausted and, therefore, the Complaint should be dismissed.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.     The Policy's Cooperative and Condominium Enhanced Coverage Endorsement Property, SP 183 07 08, is subject to the following exclusions:

> **A.5 ADDITIONAL COVERED CAUSE OF LOSS FLOOD**
> ***
> **(2)      Exclusions, Limitations and Related Provisions**
>
> ***
>
> **(d)**      The following exclusions and limitations are added and apply to coverage under this endorsement:
> ***
> **(4)**      Property Not Covered, in the Coverage Form to which this endorsement is attached, is amended and supplemented as follows with respect to Flood Coverage:
> **(a)** Property Not Covered includes any building or other property that is not eligible for flood Insurance pursuant to the provisions of the Coastal Barrier Resources Act, 16 U.S.C. 3501 <u>et seq.</u> and the Coastal Barrier Improvement Act of 1990, Pub. L. 101-591, 16 U.S.C. 3501 <u>et seq.</u>
>
> * * *

The claims asserted in the Complaint may be barred in whole or in part to the extent that the

15

above-cited exclusions of the Admiral Policy are applicable, inasmuch as Plaintiff has never advised Admiral as to the bases for denial of coverage by Harleysville under the NFIP Policy for certain items, despite several requests and, therefore, the Complaint should be dismissed.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

6.      To the extent the Insured has failed or refused to comply with all the terms, conditions and requirements under the Policy, there is no coverage for the Insured's or Plaintiff's claims and, therefore, the Complaint should be dismissed.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

7.      To the extent there is any coverage under the Policy, any coverage obligations are subject to the Annual Aggregate Limit contained in the Flood Coverage Schedule, CP DS 65 10 00, in the amount of $5,000,000.00, toward which Admiral has already paid $4,150,498.70, and Admiral is not obligated to pay any claim or judgment after any applicable limit of liability has been exhausted by payment of judgments or settlements. Therefore, Plaintiff's claim is limited to the amount of $849,501.30.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

8.      Admiral at all times acted in good faith and on a reasonable basis, and has breached no duty to the Insured or Plaintiff, whether contractual, at common law, or otherwise.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

9.      Plaintiff is in no event entitled to the legal fees and costs associated with the prosecution of the instant action.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

10.    Plaintiff has waived or is estopped from asserting the claims made in the Complaint and, therefore, the Complaint should be dismissed.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

11.    There is no justiciable controversy under the Admiral Policy.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

12.    There is no coverage in the Admiral Policy and/or as a matter of law for Plaintiff's claimed demand for consequential damages.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiff's claimed demand for consequential damages is not proximately related to the alleged breach of contract.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

14.    Consequential damages were not reasonably foreseeable when the Admiral Policy was issued.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

15.    Admiral reserves rights in the event it discovers other information that warrant additional defenses, including without limitation, all equitable and legal defenses, such as unclean hands, laches, estoppel, other exclusions and conditions under the policy, statute of limitations, and failure to join a necessary party.

WHEREFORE, Defendant, ADMIRAL INDEMNITY COMPANY demands judgment dismissing the Complaint herein together with the costs and disbursements of this action, and

awarding such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       June 19, 2014

                           WHITE FLEISCHNER & FINO, LLP

                           By: */s/ Benjamin A. Fleischner*___
                           Benjamin A. Fleischner, Esq. (BAF-7006)
                           Jonathan S. Chernow, Esq. (JSC-7339)
                           Attorneys for Defendant
                           ADMIRAL INDEMNITY COMPANY
                           61 Broadway - 18th Floor
                           New York, New York 10006
                           (212) 487-9700
                           Our File No. 179-18080

TO:     (See Attached Affidavit)