**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

BOARD OF MANAGERS OF WEST PERRY
CONDOMINIUM,

                    Plaintiff,

- against -

ADMIRAL INDEMNITY COMPANY,

                    Defendant.

Civ. Action No. 1:14-cv-03471-SHS

---

### REPORT OF THE PARTIES' PLANNING
### MEETING PURSUANT TO FED. R. CIV. P. 26(f)

Pursuant to Fed. R. Civ. P. 26(f), plaintiff Board of Managers of West Perry

Condominium ("West Perry" or "Plaintiff") and defendant Admiral Indemnity Company

("Admiral" or "Defendant"), hereby respectfully submit the following report of their planning

meeting.

**A.**    **Initial Disclosures**

The parties propose that they exchange mandatory disclosures required under

Rule 26(a)(1) within 14 days of the Initial Conference with the Court.

**B.**    **Summary Judgment; Timing and Subjects of Disclosure**

The parties agree that an early motion for summary judgment on Count I of

Plaintiff's Complaint[1] will substantially narrow the issues in the case and should help facilitate a

settlement between the parties.  Accordingly, the parties' jointly request permission from the

---

[1]    Count I of Plaintiff's Complaint seeks a judicial declaration that, as respects Superstorm Sandy-related flood losses at 173 Perry Street covered under West Perry's insurance policy with Admiral (the "Admiral Policy") but not covered under its National Flood Insurance Program policy (the "NFIP Policy"), the Admiral Policy provides primary coverage to West Perry and Admiral has an immediate obligation to Plaintiff to provide coverage for such losses, regardless of the exhaustion of the NFIP Policy limit.

Court for Plaintiff to move for summary judgment on Count I of its Complaint (the "Motion") within 30 days of the Initial Conference, and that discovery in this case be stayed until the issuance of the Court's decision on the motion.

The parties agree that fact and expert discovery, if needed, can be completed within eight months of the issuance of the Court's decision on the Motion, and may be needed to address at least the following subjects:

1. The underwriting of the Admiral Policy during the relevant period;

2. The adjustment of Plaintiff's Superstorm Sandy claim under the Admiral and NFIP Policies; and

3. Plaintiff's damages.

The parties reserve the right to take discovery on other relevant subjects, and do not presently foresee a need to conduct discovery in phases.

**C.      Disclosure Issues, Including ESI**

The parties do not presently anticipate any issues in connection with disclosure or discovery of electronically stored information.  The parties have agreed that each party shall have the option of producing electronically stored information, including but not limited to emails, in hard-copy format.

**D.      Privilege and Protective Orders**

The parties do not presently anticipate any issues regarding claims of privilege. The parties reserve the right to seek a protective order from the Court pursuant to Rule 26(c). The parties will serve privilege logs pursuant to Rule 26(b)(5).

E.      **Limitations on Discovery**

        The parties do not request any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of this Court, and do not at this time request any other limitations.

Dated: July 15, 2014
       New York, New York

for plaintiff **Board of Managers of West Perry Condominium**

s/ *Dennis J. Artese*
Dennis J. Artese
Rene Hertzog
**Anderson Kill P.C.**
1251 Avenue of the Americas
New York, New York 10020
T: 212-278-1000
dartese@andersonkill.com
rhertzog@andersonkill.com

for defendant **Admiral Indemnity Company**

s/ *Jonathan S. Chernow*
Jonathan S. Chernow
**White Fleischner & Fino, LLP**
61 Broadway
New York, NY 10006
T: (212) 487-9700
JChernow@wff-law.com

nydocs1-1034566.1