UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————X

BOARD OF MANAGERS OF WEST PERRY
CONDOMINIUM
                Plaintiff,

    -against-

ADMIRAL INDEMNITY COMPANY

                Defendant.

————————————————————X

Civil Action No.
14 CV 3471 (SHS) (HBP)

**ADMIRAL'S COUNTER-STATEMENT TO PLAINTIFF'S RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS**

    Defendant ADMIRAL INDEMNITY COMPANY ("ADMIRAL"), by its attorneys, WHITE FLEISCHNER AND FINO, LLP, provides the following counter-statement pursuant to Local Rule 56.1 to Plaintiff BOARD OF MANAGERS OF WEST PERRY CONDOMINIUM'S Statement of Undisputed Material Facts. ADMIRAL does not accept either that Plaintiff's statement of facts is material to summary judgment, or unless admitted below, that Plaintiff's statements are not genuinely disputed.

    In support of ADMIRAL's counter-statement, ADMIRAL respectfully refers this Court to its Rule 56.1 Statement of Undisputed Facts, (hereinafter "ADMIRAL'S 56.1 Statement"), and the accompanying Affidavit of Jonathan S. Chernow, Esq., and annexed Affidavit of Jay Vigneux, in support of ADMIRAL's Motion for Partial Summary Judgment (Docket Nos. 18-22), and incorporates such documents by reference.

**COUNTER-STATEMENT**

1. **Admiral Indemnity Company sold to West Perry Condominium Commercial Lines Package Policy, Policy No. 21-2-3420-31-12, with a policy period of December 2, 2011 through December 2, 2012 (the "Admiral Policy"). Declaration of Robert J.**

    Apfel, dated August 21, 2014 ("Apfel Decl."), Ex. A; Declaration of Rene F. Hertzog, dated August 22, 2014 ("Hertzog Decl."), Ex. 1, ¶ 6; Ex. 2, ¶ 6.

ADMIRAL does not dispute the statements contained in paragraph 1.

2. **The Admiral Policy includes a commercial property coverage part, which is specifically endorsed to insure West Perry against risk of, among other things, flood, subject to certain conditions and exclusions in the Admiral Policy.** Apfel Decl., Ex. A, *e.g.*, pp. 26, 66, 68, of 223; Hertzog Decl., Ex. 1, ¶ 6; Ex. 2, ¶ 6.

ADMIRAL disputes the statements contained in paragraph 1 to the extent it is asserted that the Admiral Policy is "specifically" intended to insure against risk of flood. ADMIRAL does not dispute the remaining statements contained in paragraph 2, but adds that the Admiral Policy is subject to certain terms, conditions, limitations, endorsements, and exclusions, which speak for themselves. (*See* ADMIRAL's 56.1 Statement ¶ 7.)

3. **"West Perry Condominium c/o Brown Harris Stevens Residential Mgmt." is the named insured under the Admiral Policy.** Apfel Decl., Ex. A, p. 8 of 223; Hertzog Decl., Ex. 1, ¶ 7; Ex. 2, ¶¶ 6-7.

ADMIRAL does not dispute the statements contained in paragraph 3.

4. **The Admiral Policy insured West Perry for two premises: (1) 173 Perry Street, New York, NY 10014-2363 ("173 Perry") and (2) 176 Perry Street, New York, NY 10014-2384 ("176 Perry").** Apfel Decl., Ex. A, p. 26 of 223; Hertzog Decl., Ex. 1, ¶ 8; Ex. 2, ¶ 8.

ADMIRAL does not dispute the statements contained in paragraph 4, but adds that the more accurate designation of 176 Perry is "176 Perry Street (North Bldg), New York, NY 10014-2384." (Apfel Decl., Ex. A, p. 26 of 223.)

5. **Under the Admiral Policy, Admiral is required "to pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss."** Apfel Decl., Ex. A, p. 32 of 223.

ADMIRAL does not dispute that the Admiral Policy contains the language quoted in paragraph 5, but disputes the statements contained in paragraph 5 to the extent that they are a conclusion of law. ADMIRAL respectfully defers to this Court's determination regarding policy interpretation, and respectfully refers the Court to the Admiral Policy for its full terms, conditions, limitations, endorsements, and exclusions, which speak for themselves. (*See* ADMIRAL's 56.1 Statement ¶ 5, and Affidavit of Jay Vigneaux ¶ 4, Exhibit "A.")

6. **The Admiral Policy specifically adds risk of flood as an Additional Covered Cause of Loss pursuant to the Flood Coverage Endorsement. Apfel Decl., Ex. A, p. 68 of 223.**

ADMIRAL does not dispute that the Admiral Policy is subject to a Flood Coverage Endorsement (CP 10 65 10 00), but disputes the statements contained in paragraph 6 to the extent that they are a conclusion of law. ADMIRAL respectfully defers to this Court's determination regarding policy interpretation, and respectfully refers the Court to the Admiral Policy for its full terms, conditions, limitations, endorsements, and exclusions, which speak for themselves. (*See* ADMIRAL's 56.1 Statement ¶ 5, and Affidavit of Jay Vigneaux ¶ 4, Exhibit "A.")

7. **The Admiral Policy provides for a $5,000,000 Blanket Limit of Flood coverage shared between 173 Perry and 176 Perry, subject to a $50,000 deductible. Apfel Decl., Ex. A, pp. 66, 72, 88 (at A.5(3)(b)) of 223.**

ADMIRAL does not dispute that the Admiral Policy provides for a $5,000,000 limit of flood coverage subject to a $50,000 Flood Deductible, but disputes the statements contained in paragraph 7 to the extent that they are a conclusion of law. ADMIRAL further disputes that the statements contained in paragraph 7 accurately convey the terms of the Admiral Policy insofar as they purport to describe the limit of flood coverage by reference to multiple other named policy provisions. ADMIRAL respectfully defers to this Court's determination regarding policy interpretation, and respectfully refers the Court to the Admiral Policy for its full terms, conditions, limitations, endorsements, and exclusions, which speak for themselves. (*See* ADMIRAL's 56.1 Statement ¶ 5, and Affidavit of Jay Vigneaux ¶ 4, Exhibit "A.")

8. **West Perry purchased a National Flood Insurance Program policy from Harleysville Worcester Insurance Company ("Harleysville"), Policy No. 87026188752012, with a policy period of May 16, 2012 through May 16, 2013 (the "NFIP Policy"). Apfel Decl., Ex. B, p. 2 of 25; Hertzog Decl., Ex. 1, ¶ 18; Ex. 2, ¶¶ 6, 18.**

ADMIRAL does not dispute that "West Perry Condominium" purchased an NFIP Policy from Harleysville, but denies knowledge and information sufficient to form a belief as to the truth of the remaining statements contained in paragraph 8, particularly as to whether a complete and accurate copy of the NFIP Policy is attached as Exhibit B to the Apfel Decl. ADMIRAL further disputes the statements contained in paragraph 8 insofar as they utilize the definitional term "West Perry" to signify the Plaintiff BOARD OF MANAGERS OF WEST PERRY CONDOMINIUM rather than the Insured. ADMIRAL respectfully defers to this Court's determination regarding policy interpretation, and incorporates the full terms, conditions, limitations, endorsements, and exclusions of the NFIP Policy, which speak for themselves. (Apfel Decl., Ex. B.)

9. The NFIP Policy insured 173 Perry for flood damage up to $3,250,000.00. Apfel Decl., Ex. B, p. 2 of 25; Hertzog Decl., Ex. 2, ¶ 18.

ADMIRAL does not dispute the statements contained in paragraph 9.

10. The NFIP Policy covers flood loss to only 17 specific items located in a basement. Apfel Decl., Ex. B, p. 9 of 25.

ADMIRAL disputes the statements contained in paragraph 10 to the extent that they are a conclusion of law. ADMIRAL further disputes that the statements contained in paragraph 10 accurately convey the terms of the NFIP Policy insofar as they purport to describe that policy's flood coverage by reference to only one page. ADMIRAL respectfully defers to this Court's determination regarding policy interpretation, and incorporates the full terms, conditions, limitations, endorsements, and exclusions of the NFIP Policy, which speak for themselves. (Apfel Decl., Ex. B.)

11. The "Other Insurance" clause of the Admiral Policy provides, in part, as follows:

> The Other Insurance Commercial Property Condition is replaced by the following with respect to the coverage provided under this endorsement:
>
> 1. <u>If the loss is also covered under a National Flood Insurance Program (NFIP) policy</u>, or if the property is eligible to be written under an NFIP policy but there is no such policy in effect, <u>then we will pay only for the amount of loss in excess of the maximum limit that can be insured under that policy</u>. This provision applies whether or not the maximum NFIP limit was obtained or maintained, and whether or not you can collect on the NFIP policy. We will not, under any circumstances, pay more than the applicable Limit of Insurance for Flood as stated in the Flood Coverage Schedule or the Declarations of this Coverage Part.
>
> However, <u>this Provision 1.1. does not apply under the following circumstances</u>:
> ...
> b. <u>An NFIP policy is not in effect because we have agreed to write this Flood Coverage Endorsement without underlying NFIP coverage. There is such an agreement only if the Flood Coverage Schedule or the Declarations indicate that the Underlying Insurance Waiver applies.</u>

**Apfel Decl., Ex. A, p. 71 of 223 (Emphasis added)).**

ADMIRAL does not dispute that the Admiral Policy contains the language quoted in paragraph 11, selective portions of which have been underlined for emphasis by Plaintiff, but ADMIRAL respectfully defers to this Court's determination regarding policy interpretation, and respectfully refers the Court to the Admiral Policy for its full terms, conditions, limitations, endorsements, and exclusions, which speak for themselves. (*See* ADMIRAL's 56.1 Statement ¶ 8, and Affidavit of Jay Vigneaux ¶ 4, Exhibit "A.")

12. **The Flood Coverage Schedule of the Admiral Policy states: "Underlying Insurance Waiver: Yes." Apfel Decl., Ex. A, p. 66 of 223 (Emphasis in original)).**

ADMIRAL does not dispute that the Admiral Policy contains the language quoted in paragraph 12, but adds that the quoted language is followed by the statement "**Note:** Refer to Section **I.1** of the Endorsement for an explanation of this option." ADMIRAL respectfully defers to this Court's determination regarding policy interpretation, and respectfully refers the Court to the Admiral Policy for its full terms, conditions, limitations, endorsements, and exclusions, which speak for themselves. (*See* ADMIRAL's 56.1 Statement ¶ 5, and Affidavit of Jay Vigneaux ¶ 4, Exhibit "A.")

13. **The Multiple Deductible Form of the Admiral Policy states in large and bolded font: "_ Check here if underlying maximum NFIP policy limit required." Apfel Decl., Ex. A, p. 72 of 223. That provision is not "checked" in the Admiral Policy. Id.**

ADMIRAL does not dispute that the Admiral Policy contains the language quoted in paragraph 13, but disputes the characterization of the language as being in "large" font insofar as the font of the surrounding provisions are the exact same size. In addition, ADMIRAL does not dispute that the provision is not "checked," but ADMIRAL respectfully defers to this Court's determination regarding policy interpretation, and respectfully refers the Court to the Admiral Policy for its full terms, conditions, limitations, endorsements, and exclusions, which speak for themselves. (*See* ADMIRAL's 56.1 Statement ¶ 5, and Affidavit of Jay Vigneaux ¶ 4, Exhibit "A.")

14. **The "Other Flood Insurance" section of the Flood Coverage Schedule says "(NFIP")" but does not identify any insurance company or insurance policy. Apfel Decl., Ex. A, p. 66 of 223.**

ADMIRAL does not dispute the statements contained in paragraph 14, but adds that Plaintiff has selectively quoted the "Other Flood Insurance" section of the Flood Coverage Schedule in the Admiral Policy, and the full line actually states "**Primary** (NFIP)" rather than simply "(NFIP)". (Emphasis added.) (Apfel Decl., Ex. A, p. 66 of 223.)

15. **The Admiral Policy has a $50,000 flood deductible. Apfel Decl., Ex. A, p. 66 of 223.**

ADMIRAL does not dispute that the Admiral Policy is subject to a $50,000 Flood Deductible, but disputes that the statements contained in paragraph 15 accurately convey the terms of the Admiral Policy insofar as they purport to describe the Policy's Flood Deductible by reference to only one page. ADMIRAL respectfully defers to this Court's determination regarding policy interpretation, and respectfully refers the Court to the Admiral Policy for its full terms, conditions, limitations, endorsements, and exclusions, which speak for themselves. (*See* ADMIRAL's 56.1 Statement ¶ 5, and Affidavit of Jay Vigneaux ¶ 4, Exhibit "A.")

16. 173 Perry suffered damage from floodwaters and tidal overflow from Superstorm Sandy. Hertzog Decl., Ex. 1, ¶ 16; Ex. 2, ¶ 16.

ADMIRAL denies knowledge and information sufficient to form a belief as to the truth of the statements contained in paragraph 16, but adds that ADMIRAL received notice of a claim for loss from the Named Insured under the Admiral Policy, indicating that 173 Perry suffered damage from floodwaters and overflow during the storm known as "Superstorm Sandy." (*See* ADMIRAL's 56.1 Statement ¶ 16, and Affidavit of Jay Vigneaux ¶ 16, Exhibit "A.")

17. West Perry promptly notified Admiral of the flood damage to 173 Perry resulting from Superstorm Sandy and submitted a claim under the Admiral Policy for its losses and for all other benefits due to it under the Admiral Policy. Hertzog Decl., Ex. 1, ¶ 20; Ex. 2, ¶ 20.

ADMIRAL does not dispute that West Perry notified ADMIRAL of flood damage to 173 Perry resulting from "Superstorm Sandy" and submitted a claim under the Admiral Policy for benefits due to it under the Policy, but disputes the remaining statements contained in paragraph 17 insofar as they contain conclusions of law and self-serving characterizations that the Insured has sustained multiple "losses" at 173 Perry when, in fact the Insured sustained one "loss," which is admitted by Plaintiff in paragraph 18, *infra*, and various paragraphs of its Complaint, including but not limited to paragraphs "24," 25," "27, "28," "30,", "31", and "32" *et seq.* (Compl. ¶ 24, 25, 27, 28, 30, 31, and 32 *et seq.*, Docket No. 2.) ADMIRAL further disputes the statements contained in paragraph 17 insofar as they utilize the definitional term "West Perry" to signify the Plaintiff BOARD OF MANAGERS OF WEST PERRY CONDOMINIUM rather than the Insured.

18. West Perry also promptly notified Harleysville of the flood damage to 173 Perry Street and submitted a claim under the NFIP policy for the loss and for all other benefits due to them under the NFIP Policy. Hertzog Decl., Ex. 1, ¶ 21; Ex. 2, ¶ 21.

ADMIRAL denies knowledge and information sufficient to form a belief as to the truth of the statement that West Perry "promptly" notified Harleysville of flood damage, but does not dispute the remaining statements contained in paragraph 18, except to the extent that they utilize the definitional term "West Perry" to signify the Plaintiff BOARD OF MANAGERS OF WEST PERRY CONDOMINIUM rather than the Insured.

19. Harleysville agreed to pay only a portion of 173 Perry's flood losses under the NFIP Policy, contending that the remainder of 173 Perry's flood losses are not covered under the terms, conditions and exclusions contained in the NFIP Policy. Hertzog Decl., Ex. 1, ¶ 23; Ex. 2, ¶ 23.

ADMIRAL denies knowledge and information sufficient to form a belief as to the truth of the statements contained in paragraph 19, but adds that the Insured's public adjuster <u>alleged</u> to ADMIRAL, without explanation or documentation, that Harleysville agreed to pay only a

portion of 173 Perry's flood loss under the NFIP Policy, and that Harleysville contended that the remainder of the 173 Perry flood loss was not covered under the NFIP Policy. (*See* ADMIRAL's 56.1 Statement ¶¶ 18-19.) ADMIRAL disputes the statements contained in paragraph 19 as they contain the self-serving characterization that the Insured has sustained multiple "losses" at 173 Perry when, in fact, the Insured sustained one "loss," which is admitted by Plaintiff in paragraph 16, *supra*, and various other paragraphs of the Complaint, including but not limited to paragraphs "24," 25," "27," "28," "30,", "31", and "32" *et seq.* (Compl. ¶ 24, 25, 27, 28, 30, 31, and 32 *et seq.*, Docket No. 2.)

**20. West Perry submitted a claim under the Admiral Policy for the portion of its flood loss at 173 Perry that was not covered under the NFIP Policy (the "173 Perry Loss"). Hertzog Decl., Ex. 1, ¶ 24; Ex. 2, ¶ 24.**

ADMIRAL does not dispute that the Insured submitted a claim under the Admiral Policy for flood loss at 173 Perry, and that the Insured alleges that a portion of such loss was not covered under the NFIP Policy, but Admiral respectfully leaves all such legal conclusions to the determination of this Court. ADMIRAL respectfully refers this Court to its counter-statement number 19.

**21. Admiral refused to provide coverage for the 173 Perry Loss. Hertzog Decl., Ex. 1, ¶ 25; Ex. 2, ¶ 25.**

ADMIRAL does not dispute the statements contained in paragraph 21, but adds that it denied coverage for the 173 Perry loss for reasons expressed in letters to the Insured's representatives dated June 26, 2013, and March 13, 2014 and incorporates by reference the contents of these letters. (*See* ADMIRAL's 56.1 Statement ¶¶ 21, 26, and Affidavit of Jay Vigneaux ¶¶ 21, 26, Exhibits "D" and "L."). ADMIRAL adds that such letters contend, among other things, that the Admiral Policy is excess to the NFIP Policy with respect to flood coverage, and does not provide flood coverage for 173 Perry until the $3,250,000.00 limit of the NFIP Policy is exhausted.

**22. Admiral's denial referenced the "Other Insurance" clause of the Admiral Policy, pursuant to which Admiral contended that the Admiral Policy is excess of the NFIP Policy and does not provide coverage for the 173 Perry Loss until the $3.25 million limit of the NFIP Policy is exhausted through the payment of covered losses. Hertzog Decl., Ex. 1, ¶ 25; Ex. 2, ¶ 25.**

ADMIRAL does not dispute the statements contained in paragraph 22, but disputes that ADMIRAL's coverage position is accurately summarized by Plaintiff, and adds that it denied coverage for the 173 Perry loss for reasons expressed in letters to the Insured's representatives dated June 26, 2013, and March 13, 2014 and incorporates by reference the contents of these letters. (*See* ADMIRAL's 56.1 Statement ¶¶ 21, 26, and Affidavit of Jay Vigneaux ¶¶ 21, 26, Exhibits "D" and "L."). ADMIRAL adds that such letters contend, among other things, that the Admiral Policy is excess to the NFIP Policy with respect to

flood coverage, and does not provide flood coverage for 173 Perry until the $3,250,000.00 limit of the NFIP Policy is exhausted.

**23. West Perry commenced this action on May 14, 2014 for Admiral's breach of contract under the Admiral Policy and for declaratory judgment on the obligations of Admiral for the 173 Perry Loss. Hertzog Decl., Ex. 1.**

ADMIRAL does not dispute the statements contained in paragraph 23, but adds that Plaintiff has also filed a cause of action sounding in breach of contract for the loss at 176 Perry. (Compl. ¶¶ 47-50, Docket No. 2.)

**24. Admiral filed its Answer and Affirmative Defenses on June 19, 2014. Hertzog Decl., Ex. 2.**

ADMIRAL does not dispute the statements contained in paragraph 24.

Dated: New York, New York
September 12, 2014

                WHITE FLEISCHNER & FINO, LLP

                By: _____
                Jonathan S. Chernow, Esq. (JSC-7339)
                Benjamin A. Fleischner, Esq. (BAF-7006)
                Eric R. Leibowitz, Esq. (EL-5488)
                Attorneys for Defendant
                ADMIRAL INDEMNITY COMPANY
                61 Broadway - 18th Floor
                New York, New York 10006
                (212) 487-9700
                Our File No. 179-18080L

TO: (See Attached Affidavit)