UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BOARD OF MANAGERS OF WEST PERRY
CONDOMINIUM                                             Civil Action No.
                  Plaintiff,               14 CV 3471 (SHS) (HBP)

    -against-

ADMIRAL INDEMNITY COMPANY

                  Defendant.
------------------------------------------------------------X

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OF JAY VIGNEAUX

*Jonathan S. Chernow (JSC-7339)*
*Benjamin A. Fleischner (BAF-7006)*
*Eric R. Leibowitz, Esq. (EL-5488)*
*Of Counsel*

**Preliminary Statement**

Plaintiff's argument in support of its cross-motion to strike the Affidavit of Jay Vigneaux is disingenuous and misleading in its suggestion that Mr. Vigneaux lacked personal knowledge of the facts to which he attests. Mr. Vigneaux's employer, Clermont Specialty Managers, Ltd. ("Clermont"), is the actual <u>underwriter</u> of insurance for ADMIRAL, and Mr. Vigneaux has acquired knowledge of, and familiarity with, the circumstances of underwriting from his access to underwriting file documents and the development of the Insured's claim, which is partly about underwriting. Accordingly, Plaintiff's cross-motion should be denied in its entirety.

**Statement of Facts**

For a full statement of the material facts and procedural history of this case, the Court is respectfully referred to ADMIRAL's Rule 56.1 Statement of Undisputed Facts ("ADMIRAL's Rule 56.1 Statement"), submitted in conjunction with ADMIRAL's Motion for Partial Summary Judgment filed on August 22, 2014. The pleadings, documents, and affidavits referenced herein were all filed with ADMIRAL's Motion (Docket Nos. 18-22).

**Argument**

In support of its cross-motion, Plaintiff argues that the emails submitted by ADMIRAL via the Affidavit of Jay Vigneaux fail to establish extrinsic evidence of mutual intent, insofar as the Affidavit does not demonstrate the requisite personal knowledge of the underwriting or placement of the Admiral Policy, and does not authenticate the proffered emails. **(Pl. Opp. Br. at 22-25.)** Plaintiff's arguments are hypertechnical at best, and disingenuous at worst.

First, Plaintiff is well aware that there is no meaningful distinction between Mr. Vigneaux's employer, Clermont, and ADMIRAL under these circumstances. The Admiral Policy clearly states on its face that it was underwritten by Clermont. *(See* **Vigneaux Aff.**,

1

Exhibit "A," at 1.) Indeed, the June 26, 2013, letter denying coverage issued to the Insured contains the names of both entities on the letterhead. (*See* **Vigneaux Aff. ¶ 21, Exhibit "D," at 1.**) In his role of handling the claim of the Insured, Mr. Vigneaux was clearly doing work on behalf of ADMIRAL. (*See also* **Affidavit of Jay Vigneaux in Opposition to Plaintiff's Cross-Motion to Strike ¶ 4. ["Vigneaux Aff. in Opp. to Cross-Motion"]**)

Second, as an employee of Clermont and handler of the claim submitted by the Insured, Mr. Vigneaux has access to, and is able to authenticate, emails in the underwriting file sent and received by his coworkers at Clermont, including Jodi Strum. (*See* **Vigneaux Aff. in Opp. to Cross-Motion ¶ 5, and Affidavit of Jodi Strum in Opposition to Plaintiff's Cross-Motion to Strike ¶¶ 4-5.** Generally, affiants can proffer and incorporate things that they learned during development of the matter, and under appropriate circumstances, the makers of affidavits and declarations can "acquire" competence and personal knowledge they otherwise lack by research and a proper review of records. *See Nader v. Blair*, 549 F.3d 953, 963 (4th Cir. 2008) (affidavit from witness familiar with record-keeping practices); *Anwar v. Fairfield Greenwich Ltd.*, 742 F. Supp. 2d 367, 372 n.3 (S.D.N.Y. 2010) (rejecting plaintiff's argument that copies of agreements had not been properly authenticated where affiant stated that she had "review[ed]" those agreements); *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, 976 F. Supp. 2d 254, 261 (N.D.N.Y 2013) (review of underwriting file sufficient for authentication). Here, although Mr. Vigneaux was not involved in the actual underwriting of the Admiral Policy before it was issued, he has demonstrated the requisite personal knowledge because he is familiar with, and acquired knowledge of, the relevant underwriting material from his work on the Insured's claim. (*See* **Vigneaux Aff. in Opposition to Cross-Motion ¶¶ 6-7.**) Indeed, the claim here is partly about underwriting. "Personal knowledge" as required by the FRCP under these circumstances does

not necessarily signify that Mr. Vigneaux needed active involvement in the underwriting process at the specific time in which the Admiral Policy was underwritten.

Third, based on Mr. Vigneaux's review of the terms of the Admiral Policy, he knew that (i) ADMIRAL required the Insured to have NFIP coverage on 173 Perry, (ii) ADMIRAL received the Insured's NFIP materials prior to issuance of the Admiral Policy, which was needed for the quote, and (iii) the Insured's broker considered NFIP coverage to be primary flood coverage. (*See* **Vigneaux Aff. in Opp. to Cross-Motion ¶¶ 6-7.**) Although some of the emails at issue were indeed dated subsequent to the issuance of the Admiral Policy, they clearly refer to knowledge of NFIP coverage placed "last year," which can only mean the prior year's policy period. Plaintiff's argument that it would need to depose Ms. Strum as to what she meant by "last year" in her email of October 8, 2012 is patently absurd. Clearly, she was referring to 2011, the year the Admiral Policy was issued.

Plaintiff also tries to distinguish the import of the November 28, 2012 email in which its broker admits to the existence of the "Primary Flood" and "Excess Flood" policies, by claiming that the email appears to be referencing the following year's policy and "renewal" of the Admiral Policy. While this might be accurate, the email clearly demonstrates the broker's view of the interplay between the Admiral and NFIP policies, and that he considered the NFIP Policy to be primary. Such hierarchy would not have changed from the prior year even if he were referring to the renewal policy. Thus, Plaintiff's quibbles regarding the dates of these communications are unavailing. To the extent that there is an issue as to which policy the parties were referring, there are additional emails attached to the Affidavit of Jodi Strum lodged in opposition to Plaintiff's Motion for Partial Summary Judgment, which clearly demonstrate Admiral's knowledge of NFIP coverage during the policy year in question. (*See* **Strum Aff. in Opp. to Plaintiff's Motion for**

3

**Partial Summary Judgment ¶¶ 5-8, Exhibits "A" – "D," filed with the Court on September 12, 2014 (Docket No. 25).)** It is evident that the coverage of the Admiral Policy, and the premium agreed to, reflected the existence of the Insured's NFIP coverage. (*Id.*, **at ¶ 6.**)

Fourth, pursuant to Fed. R. Civ. P. 56(e), "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact." The drafters presume that this choice is likely to be a court's "preferred first step." *See* Rule 56(e)(1) advisory committee note to 2010 amendments. As demonstrated above, and in the accompanying Affidavits of Jay Vigneaux and Jodi Strum in Opposition to Plaintiff's Cross-Motion to Strike, Plaintiff's arguments are either meritless or have otherwise been cured. Ultimately, however, Plaintiff's arguments are tangential and meaningless because the Admiral Policy language at issue clear and unambiguous, and Plaintiff has supported its own view with nothing more than IRMI commentary, generalized comments about contract interpretation and the intent of "Other Insurance" provisions, and cases discussing other Admiral policies with different language in the context of third party policies and the duty to defend.

## Conclusion

Accordingly, ADMIRAL respectfully requests that the Court deny Plaintiff's Cross-Motion to Strike portions of the Affidavit of Jay Vigneaux.

Dated: New York, New York
       September 19, 2014                  WHITE FLEISCHNER & FINO, LLP

By: _____
Jonathan S. Chernow, Esq. (JSC-7339)
Benjamin A. Fleischner, Esq. (BAF-7006)
Eric R. Leibowitz, Esq. (EL-5488)
Attorneys for Defendant
ADMIRAL INDEMNITY COMPANY
61 Broadway - 18th Floor
New York, New York 10006
(212) 487-9700