UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---X

BOARD OF MANAGERS OF WEST PERRY CONDOMINIUM

Plaintiff,

-against-

ADMIRAL INDEMNITY COMPANY

Defendant.

---X

Civil Action No.
14 CV 3471 (SHS)

**AFFIDAVIT OF JAY VIGNEAUX IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION TO STRIKE**

STATE OF NEW JERSEY )
: ss
COUNTY OF BERGEN )

JAY VIGNEAUX, being duly sworn, deposes and says under penalty of perjury:

1. I am a Property General Adjuster for Clermont Specialty Managers ("Clermont"), the authorized claims handler for Defendant ADMIRAL INDEMNITY COMPANY (hereinafter "ADMIRAL"). Our office address is 301 Route 17 North, Rutherford, New Jersey 07070.

2. At the time of the loss which is the subject of this action, I was employed by Clermont as a Property Claims Supervisor, then located at Three University Plaza, Hackensack, New Jersey 07601.

3. I submit this Affidavit upon personal knowledge and in opposition to Plaintiff's Cross-Motion to Strike portions of the Affidavit I submitted in support of ADMIRAL's Motion for Partial Summary Judgment, dated August 21, 2014 (the "Affidavit of Jay Vigneaux").

4. Plaintiff argues in its Cross-Motion to Strike that the Affidavit of Jay Vigneaux does not make clear that I work for ADMIRAL. However, there is no meaningful distinction between my employer, Clermont, and Admiral Indemnity Company under these circumstances.

Clermont issues policies on behalf of ADMIRAL. In fact, the Admiral Policy clearly states on its face that it was underwritten by Clermont. (***See* Affidavit of Jay Vigneaux, Exhibit "A," at 1.)** In addition, the June 26, 2013, letter denying coverage issued to the Insured contains the names of both entities on the letterhead. (***See* Affidavit of Jay Vigneaux ¶ 21, Exhibit "D," at 1.)** Clearly, I was doing work on behalf of both Clermont and ADMIRAL when handling the Insured's claim.

5. Second, the facts to which I attested were based on my review of the relevant underwriting file documents and my knowledge handling the claim of the Insured. As an employee of Clermont and handler of the claim submitted by the Insured, I have access to emails in the underwriting file sent and received by my coworkers at Clermont, including the ones sent to and from Jodi Strum that I attached to the Affidavit of Jay Vigneaux.

6. Third, based on my review of the terms of the Admiral Policy and the underwriting file, and in my capacity as claims handler for the Insured's claim, I knew that ADMIRAL required the Insured to have NFIP coverage on 173 Perry. This is directly stated in the June 26, 2013, letter sent to the Insured attached to the Affidavit of Jay Vigneaux, explaining why the Admiral Policy is excess over the NFIP Policy. Specifically, the letter states "[t]he building located at 173 Perry Street is situated in a flood plain, and Admiral required that the Insured procure a separate NFIP policy." (***See* Affidavit of Jay Vigneaux Exhibit "D," at 1.)** Tellingly, the Insured has never disputed this fact.

7. In addition, based on my review of the relevant claims and underwriting documents, I knew that ADMIRAL was aware of the details of the Insured's NFIP coverage at the time the Admiral Policy was underwritten, and that the NFIP Policy would be the Insured's

primary flood policy. Plaintiff has taken issue with the October 8, 2012, email sent by Jodi Strum of Clermont to Jeanette Napodano of Hub International ("Hub"), stating that "173 had NFIP last year (*see* **Affidavit of Jay Vigneaux, Exhibit "B," at 1.**), and the November 28, 2012, email from Alex Seaman of Hub to Jodi Strum of Clermont, distinguishing between ADMIRAL's Excess Flood and NFIP's Primary Flood coverage (*see* **Affidavit of Jay Vigneaux, Exhibit "C," at 1.**), While I believe that these emails demonstrate ADMIRAL's knowledge of the prior year's coverage and the Insured's broker's understanding of the interplay between ADMIRAL and NFIP coverage, Ms. Strum has since submitted additional emails to her Affidavit in Opposition to Plaintiff's Motion for Partial Summary Judgment, filed with the Court on September 12, 2014, showing that Ms. Napodano forwarded the Insured's NFIP Policy information to Ms. Strum in October 2011, and that such materials were needed to provide ADMIRAL's quote. **(*See* Affidavit of Jodi Strum in Opposition to Plaintiff's Motion for Partial Summary Judgment ¶¶ 5-8, Exhibits "A" – "D," filed with the Court on September 12, 2014 (Docket No. 25).)** Clearly, the terms of the Admiral Policy, and the premium agreed to, were dependent upon the existence of the Insured's NFIP coverage.

8. Accordingly, Plaintiff's cross-motion to strike the Affidavit of Jay Vigneaux that I submitted in support of ADMIRAL's Motion for Partial Summary Judgment should be denied.

JAY VIGNEAUX

Sworn to before me this 18th
day of September, 2014

NOTARY PUBLIC

KATHY NAVARRA
NOTARY PUBLIC, STATE OF NEW JERSEY
ID# 2098946
QUALIFIED IN BERGEN COUNTY
COMMISSION EXPIRES AUGUST 14, 2017