**WHITE FLEISCHNER & FINO, LLP**

61 BROADWAY, NEW YORK, NY 10006
T 212.487.9700   F 212.487.9777   WWW.WFF-LAW.COM

September 29, 2014

**VIA ECF**

Honorable Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Board of Managers of West Perry Condominium v. Admiral Indemnity Company,* Civil Action No. 14 CV 3471 (SHS) (HBP)

Dear Judge Stein,

We are counsel to Admiral Indemnity Company ("Admiral") in the above-captioned matter. We submit this letter in response to Plaintiff's Motion for Leave to File a Sur-reply ("the Motion"), filed with the Court via ECF on September 24, 2014. Admiral objects to the Motion as procedurally improper and requests a telephonic conference with the Court before Admiral is required to file any opposition to the Motion.

By Notice of Motion and Motion dated September 24, 2014, Plaintiff sought leave to file a sur-reply with respect to Admiral's motion for partial summary judgment, which was filed by Admiral on August 22, 2014. Admiral objects to Plaintiff's Sur-Reply Motion as procedurally improper because Plaintiff attached its proposed Sur-Reply contemporaneously with its Motion for leave to file such memorandum, in direct contravention to this district's jurisprudence regarding sur-replies. In this regard, "a sur-reply memorandum shall not be accepted without *prior* leave of court." *See Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495 (S.D.N.Y. 1990) *vac'd in part on other grounds*, 739 F. Supp. 209 (S.D.N.Y. 1990) (noting the "procedural defect" of submitting a sur-reply memorandum contemporaneously with a request for leave to file it); *Locals 302 & 612 of the Intl Union of Operating Engineers-Employers Constr. Indus. Retirement Trust v. Blanchard*, 04-CV-5954 (LAP), 2005 U.S. Dist. LEXIS 17679, *19 n.8 (S.D.N.Y. Aug. 25, 2005) (rejecting sur-reply that was attached to the request itself); *Richard Feiner & Co. v. Turner Entm't Co.*, 96-CV-1472, 2004 U.S. Dist. LEXIS 21074 (S.D.N.Y. Oct. 20, 2004) (noting the procedural flaw of enclosing sur-reply with motion itself).

In discussing the submission of reply papers, this Court, in *United States v. International Business Machines Corp.*, 66 F.R.D. 383, 385 (S.D.N.Y. 1975), has opined:

> The proposed . . . papers should not accompany the request for leave to submit them. To permit the . . . papers to accompany the request, as they do in the instant case, is to enable the requesting party to accomplish its goal of placing the papers before the court, thereby reducing the question of whether the papers should be accepted for filing to relative unimportance. Therefore, the . . . papers themselves shall not be submitted until the court, having received and reviewed the application to file, invites them.

A NEW YORK LIMITED LIABILITY PARTNERSHIP

HOLMDEL, NEW JERSEY   •   WHITE PLAINS, NEW YORK   •   GARDEN CITY, NEW YORK
PHILADELPHIA, PENNSYLVANIA   •   BOCA RATON, FLORIDA
LONDON, ENGLAND

Honorable Sidney H. Stein
United States District Court
Southern District of New York
September 29, 2014
Page 2

Here, Plaintiff's motion essentially tracks the <u>exact</u> language from the proposed Sur-Reply, thereby accomplishing Plaintiff's goal of putting its papers before this Court, with the question of whether to accept them for filing essentially rendered moot.

Accordingly, Admiral respectfully requests that the Court schedule a conference call with the parties as soon as practicable on the issues raised by the Motion, including whether Plaintiff had the right to include the proposed sur-reply memorandum as an exhibit attached to the Motion itself, as well as whether the Motion should be stricken or withdrawn.

Respectfully submitted,

Jonathan S. Chernow (JSC-7339)
JSC/erl/jb

cc:     **Via ECF**:

       Dennis J. Artese
       Rene F. Hertzog
       Anderson Kill P.C.
       1251 Avenue of the Americas
       New York, NY 10020