UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X

BOARD OF MANAGERS OF WEST PERRY
CONDOMINIUM                                           Civil Action No.
                Plaintiff,                              14 CV 3471 (SHS) (HBP)

    -against-

ADMIRAL INDEMNITY COMPANY
                Defendant.
———————————————————————X

## DEFENDANT'S RESPONSE TO PLAINTIFF'S SUR-REPLY

In accordance with the Court's October 1, 2014 Order, Defendant Admiral Indemnity Company ("Admiral") respectfully submits this Response to Plaintiff's Sur-Reply in Opposition to Defendant's Motion for Partial Summary Judgment.

Plaintiff argues that Admiral has made a misstatement of Plaintiff's argument "for the first time in Admiral's reply memorandum of law filed on September 19, 2014. Dkt. No. 35." **(Pl. Sur-Reply at 1.)** In prior briefing submitted in connection with both Admiral's and Plaintiff's motions, Admiral has already made clear that the central flaw in Plaintiff's interpretation of the "Other Insurance" clause is that it does not properly account for the language "in excess of the maximum limit" in the "Other Insurance" clause and that, under its interpretation, Admiral's coverage might attach below the NFIP limit, leading to potential different exposures. **(*See* Admiral Br. in Support of Mot. for Partial Summary Judgment (Dkt. No. 21), at 17; Admiral Opp. Br. to Plaintiff's Mot. for Partial Summary Judgment (Dkt. No. 26), at 14; Admiral Reply Br. (Dkt. No. 35) at 6.)** Further, Plaintiff does not discuss the logical extension of how its flawed interpretation would apply had West Perry decided not to purchase NFIP coverage, which Admiral discussed at length in the briefing cited above. Plaintiff

1

has had ample opportunity to address these arguments, and the recitation of its position in the Sur-Reply is nothing more than a meaningless reiteration of prior arguments.

Similarly, Plaintiff's argument regarding the use of the term "property" in the "Other Insurance" clause is another reiteration of a prior argument, which was already addressed in Admiral's reply brief.  (*See* **Admiral Reply Br. (Dkt. No. 35) at 5.**)

As to Plaintiff's final point, Admiral never "suggest[ed]" that it would "consult the uniform NFIP coverage form to determine what would have been covered had there been no NFIP policy in place." (**Pl. Sur-Reply at 2.**) Admiral merely stated that it may not fully accept Harleysville's or the Insured's determination of coverage under a policy that is indisputably in effect, *i.e.*, the reasoning underlying such determination.  Certainly, Admiral did not state that it would conduct an item-by-item coverage analysis using generic forms in the absence of an NFIP policy in effect before issuing a policy to an insured.

## Conclusion

For the foregoing reasons, Admiral respectfully requests that the Court enter an Order (i) granting (i) Admiral's motion for partial summary judgment dismissing Count I of Plaintiff's Complaint, (ii) Admiral's motion for a declaration regarding Admiral's Third and Fourth Affirmative Defenses; and (iii) such other and further relief as this Court deems just and proper.

Dated: October 2, 2014
New York, New York

WHITE FLEISCHNER & FINO, LLP

By: _____
Jonathan S. Chernow, Esq. (JSC-7339)
Benjamin A. Fleischner, Esq. (BAF-7006)
Eric R. Leibowitz, Esq. (EL 5488)
Attorneys for Defendant
ADMIRAL INDEMNITY COMPANY
61 Broadway - 18th Floor
New York, New York 10006
(212) 487-9700

2

## Certificate of Service

This is to certify that a copy of the foregoing **Defendant's Response to Plaintiff's Sur-Reply** has been served upon the attorneys listed by electronic court filing system.

Denis J. Artese
Rene F. Hertzog
Anderson Kill PC
1251 Avenue of the Americas
New York, New York 10029

    I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 2, 2014

                                                        WHITE FLEISCHNER & FINO, LLP

                                    By:             /s/
                                                  Jonathan S. Chernow, Esq. (JSC-7339)
                                                  Benjamin A. Fleischner, Esq.
                                                   (BAF – 7006)
                                                  Eric R. Leibowitz, Esq. (EL -5488)
                                                   Attorneys for Defendant
                                                   ADMIRAL INDEMNITY COMPANY
                                                   61 Broadway – 18th Floor
                                                   New York, New York 10006
                                                   (212) 487-9700